UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DANIEL CASTILLO-ANTONIO, <br>     Plaintiff, <br>     v. <br> RUI LIAN TAN, et al., <br>     Defendants. | Case No. 13-cv-05548-JD <br><br> **ORDER RE MOTION TO DISMISS** <br> Re: Dkt. No. 17 |

The plaintiff, Jose Daniel Castillo-Antonio, alleges four causes of action under the Americans with Disabilities Act and various California statutes, all based on allegations that the defendants' restaurant, Yuet Foo Seafood in El Cerrito, California, does not provide barrier-free access to disabled individuals. *See* Complaint ¶¶ 3-4, 18-70. Defendant Kwong C. Man has moved to dismiss the case under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the case is precluded by the judgment in *Albert Dytch v. Kwong C. Man*, Case No. 3:12-CV-00509-RS, in this district.

That case involved a suit by another plaintiff, Albert Dytch, against the same restaurant and alleging similar violations, which eventually ended in a settlement.[1] *See* Dkt. No. 19, Exs. A, B. The problem with giving that judgment claim preclusive effect is that it involved a different plaintiff who is not in privity with the plaintiff in this case. *See United States v. Bhatia*, 545 F.3d 757, 759 (9th Cir. 2008) (noting that the doctrine of res judicata "require[s] privity between parties"). "Privity is a legal conclusion designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter

---

[1] Mr. Man asks the Court to take judicial notice of the complaint and stipulation of dismissal from that case, *see* Dkt. No. 19, which the Court does. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (explaining that courts may take judicial notice of "documents on file in federal or state courts").

involved." *Id.* Mr. Man claims that Mr. Dytch is in privity with Mr. Castillo-Antonio because both are "severely limited in the use of [their] legs, *see* Dkt. No. 17 at 6:7-8, and because Mr. Castillo-Antonio is a member of the putative class alleged in the *Dytch* case, which included "others similarly situated [to Mr. Dytch who] are disabled persons who require the use of a wheelchair and are unable to use public facilities on a 'full and equal' basis." *See* Dkt. No. 19 Ex. A ¶ 10.

That does not establish privity. A nonparty may only be bound by a judgment by virtue of the fact that he was "adequately represented by someone with the same interests who [wa]s a party' to the suit," as Mr. Man argues, "[i]n certain limited circumstances." *See Taylor v. Sturgell*, 553 U.S. 880, 894-95 (2008). Examples of such situations include "properly conducted class actions" and "suits brought by trustees, guardians, and other fiduciaries." *Id.* But merely being part of a *putative* class that was never certified, and therefore not having the benefit of the notice requirements set forth in Rule 23(c)(2) to protect the rights of absent class members, is not enough to create privity. *See Access for Disabled, Inc. v. Fort Lauderdale Hospitality, Inc.*, 826 F. Supp. 2d 1330, 1336 (S.D. Fla. 2011).

Mr. Man also argues in passing that "pursuant to the law, buildings built before 1992 do not have to be brought up to code" -- but the text just quoted is the full extent of his argument on this point. The inadequacy of that argument as a basis for dismissing the case is evident.

Consequently, the Court denies Mr. Man's motion to dismiss.

**IT IS SO ORDERED.**

Dated: August 18, 2015

_____
JAMES DONATO
United States District Judge