UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DANIEL CASTILLO-ANTONIO,<br><br>    Plaintiff,<br><br>    v.<br><br>RUI LIAN TAN, et al.,<br><br>    Defendants. | Case No.  3:13-cv-05548-JD<br><br>**ORDER OF DISMISSAL FOR FAILURE TO PROSECUTE** |

On November 29, 2013, plaintiff Jose Daniel Castillo-Antonio filed a complaint alleging violations of the Americans with Disabilities Act and various California health and safety laws against Yuet Foo Seafood and various natural persons associated with that business (the "defendants").  Dkt. No. 1 at 1-2.  On December 30, 2014, defendants filed a Motion to Dismiss.  Dkt. No. 17.  On March 12, 2015, the Court scheduled this case for trial on January 4, 2016, a date that has remained on calendar since that time.  Dkt. No. 34.  The parties went to mediation on May 28, 2015, and indicated an interest in further mediation in June, Dkt. No. 42, but that apparently did not happen and no notice of settlement was filed with the Court.  On August 18, 2015, the Court denied defendants' Motion to Dismiss.  Dkt. No. 44.

The case has essentially been on radio silence since May 2015 without any activity by any party.  Recent deadlines for expert discovery and dispositive motions have passed with no activity by plaintiff.  *See* Dkt. No. 34.  Plaintiff's deadline for filing the required pre-trial conference materials was December 16, 2016.  That date has also passed with no activity by plaintiff.

These facts manifest a failure to prosecute this action.  Consequently, the Court vacates the January 4, 2016 trial date and dismisses the case.

**DISCUSSION**

Federal Rule of Civil Procedure 41(b) provides the Court with authority to dismiss a case for failure to prosecute or to comply with any of its orders. Fed. R. Civ. P. 41(b); *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *See Espinosa v. Washington Mut. Bank*, No. C 10-04464 SBA, 2011 WL 334209, at *1 (N.D. Cal. Jan. 31, 2011) (citing *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002)).

Application of these factors here weighs in favor of dismissal. Plaintiff has taken no action in this rapidly aging case since May, 2015, over seven months ago. He has missed all of the pretrial filings deadlines, without providing any excuse or notice to the Court.

For the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Espinosa*, 2011 WL 334209, at *1 (citing *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). For the second factor, the Court must be able to manage its docket "without being subject to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642; *see also Ferdik*, 963 F.2d at 1261 (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket."). For the third factor, plaintiff's long period of unexcused inactivity weighs strongly in favor of dismissal. *See Espinosa*, 2011 WL 334209, at *2. And for the fourth factor, the Court has granted the plaintiff ample time to prosecute his claim -- at this point, more than two years.

Although the fifth factor -- the public policy favoring disposition of cases on their merits -- might weigh against dismissal on its own, the cumulative weight of the other factors overrides it. *See Pagtalunan*, 291 F.3d at 643 (finding district court did not abuse its discretion in dismissing case where three of the five factors weighed in favor of dismissal).

**CONCLUSION**

Because four of the five relevant factors weigh in favor of dismissal under Federal Rule of Civil Procedure 41(b), the Court dismisses this case in its entirety without prejudice. The clerk will close the case.

**IT IS SO ORDERED.**

Dated: December 18, 2015

_____
JAMES DONATO
United States District Judge